UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NAIDA SEGURA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, | § | SA-07-CV-0217 FB (NN) |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

### ORDER CONCERNING MOTION TO WITHDRAW

This order addresses the motion to withdraw filed by attorney Susan Carpenter.[1] In her motion, Carpenter responded to the court's show cause order, directing plaintiff Naida Segura to show cause why she should not be required to pay the filing fee and cost of service in this case.[2] In her motion, Carpenter stated that she contacted Segura about discrepancies in the application to proceed in forma pauperis and received no response. Carpenter asked to withdraw from representation and to withdraw Segura's complaint. Carpenter, however, did not indicate that she advised Segura about her desire to withdraw from representation or about Carpenter's motion to withdraw Segura's complaint.

Rule 41(a) of the Federal Rules of Civil Procedure provides for a voluntary, stipulated dismissal by the plaintiff,[3] but the rules do not provide for a dismissal by the plaintiff's attorney. To ensure that the court understands Segura's position on the motion to withdraw from representation

---

[1] Docket entry # 30.

[2] Docket entry # 29.

[3] Fed. R. Civ. P. 41(a).

1

and to withdraw the complaint, the court ORDERS Carpenter to serve a copy of her motion, a copy of this order and a copy of the previous show cause order on Segura by April 18, 2008.  Once Carpenter has completed service, she must advise the court in writing and provide proof of service.

The court, in turn, ORDERS, Segura to file a written reply to the motion to withdraw and show cause order by April 30, 2008.  In her response, Segura must explain (1) why she should not be required to pay the filing fee and the cost of service, (2) state her position about Carpenter's request to withdraw, and (3) state her intentions about pursuing her appeal of the denial of her application for widow's benefits.  If Segura fails to respond to this order by April 30, 2008, I will recommend that the district judge dismiss this case for failing to pay the filing fee and the cost of service and/or for failing to comply with an order of the court.

Rule 11 provides for sanctions filing a false pleading.[4]  Given the nature of this appeal, Carpenter should have been fully aware of the "discrepancies" in Segura's application.  Under the circumstances of this case, there is no excuse for assisting a client in filing an application for in forma pauperis status.  The court admonishes Carpenter about Rule 11's requirements, as well as her obligation to advise her clients about Rule's requirements and about the possibility of sanctions for violating the rule.  Until such time as the court releases Carpenter from representation, Carpenter shall continue as Segura's attorney of record.

**SIGNED** on April 14, 2008.

                                                    *Nancy Stein Nowak*
                                                    NANCY STEIN NOWAK
                                                    UNITED STATES MAGISTRATE JUDGE

---

[4]Fed. R. Civ. P. 11.