UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NAIDA SEGURA, | § | |
| | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, | § | SA-07-CV-0217 FB (NN) |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
|        Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:** Honorable Fred Biery
      United States District Judge

**Introduction**

      Plaintiff Naida Segura brought this action for judicial review of the final decision of the Commissioner of the Social Security Administration (the Commissioner), determining that the Social Security Administration (SSA) properly applied the government pension offset to Segura's widow's benefit. After considering Segura's motion for summary judgment,[1] the brief in support of the Commissioner's decision,[2] the record of the SSA proceedings, the pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, and the entire record in this matter, I recommend dismissing this case. If the district court does not dismiss this case, I recommend affirming the Commissioner's decision.

---

[1]Docket entry # 19.

[2]Docket entry # 27.

I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and this district's general order, dated July 17, 1981, referring all cases where a plaintiff seeks review of the Commissioner's denial of the plaintiff's application for benefits for disposition by recommendation.[3]

## Jurisdiction

The district court has jurisdiction to review the Commissioner's final decision as provided by 42 U.S.C. §§ 405(g), 1383(c)(3).

## Administrative Proceedings

Based on the record in this case, Segura exhausted her administrative remedies prior to filing this action in federal court. Segura applied for Social Security widow's benefits on July 7, 2004 based on the earnings of her deceased spouse.[4] On July 19, 2004, the Commissioner notified Segura that her application was approved, but that she would not receive benefits because two-thirds of the amount of her government pension is equal to or larger than her monthly Social Security benefit.[5] The Commissioner explained that Social Security benefits paid to a widow must be reduced if she receives a federal, state, or local government pension based on her own work.[6] Segura asked for reconsideration. On reconsideration, the SSA explained the calculations supporting the initial decision and determined that the first determination was

---

[3] *See* Local Rules for the Western District of Texas, appx. C, p. 10.

[4] *See* SSA record, p. 16.

[5] *Id.* at p. 26.

[6] *Id.*

2

correct.⁷ Segura asked for a hearing before an administrative law judge (ALJ).⁸ On July 14, 2006, an ALJ conducted a hearing, during which Segura testified that she worked for one day at a charter school to avoid the government pension offset.⁹ The ALJ issued an opinion on September 1, 2006, determining that the government pension offset applied to Segura's application for widow's benefits.¹⁰ Segura filed this action to challenge that decision.¹¹ Segura's challenge is presented in a motion for summary judgment.¹²

### Grounds for Dismissing this Case

On March 15, 2007, Segura asked to proceed in forma pauperis.¹³ In her application, Segura indicated that she was unable to pay the costs of this proceeding because she receives $2,000 per year income. I granted Segura's request, waived the payment of the $350.00 filing fee, directed the clerk of the court to file Segura's complaint and to issue a summons, and instructed the U.S. Marshal to serve the defendant.¹⁴ Since that time, the Marshal served the defendant.¹⁵ After service, the defendant filed its brief and reported that Segura receives a

---

⁷*Id.* at p. 29.

⁸*Id.* at p. 33.

⁹*Id.* at pp. 168-80.

¹⁰*Id.* at pp. 16-18.

¹¹*See* docket entry # 3.

¹²Docket entry # 19.

¹³*See* docket entry # 1.

¹⁴*See* docket entry # 2.

¹⁵*See* docket entry # 6 (summons returned) & # 28 (request for U.S. Marshals Service Expenses in Pauper Case).

monthly pension from the Texas Teachers Retirement System in the amount of $4,722.08.[16] That report is consistent with the ALJ's determination that Segura's widow's benefit is properly offset by her monthly government pension of $4,722.08.[17] Because Segura did not report the monthly pension in her application to proceed in forma pauperis, I issued a show cause order and directed Segura to show cause in writing why she should not be required to pay the filing fee and the cost of service.[18] I explained that Segura does not qualify for in forma pauperis status if she receives a monthly pension of $4,722.08 and that Segura must pay for the filing fee and the cost of service before this case proceeded further. I warned Segura that if she failed to respond to my order, I would recommend dismissal of this case for failing to pay the filing fee and the cost of service and/or for failing to comply with an order of the court.

Segura's attorney—Susan Carpenter—responded to my order and asked to withdraw from representation.[19] In her motion, Carpenter stated that she contacted Segura about discrepancies in the application to proceed in forma pauperis and received no response. Carpenter also asked to withdraw Segura's complaint. Because she did not indicate she advised Segura about her desire to withdraw from representation or about her motion to withdraw Segura's complaint, I directed Carpenter to serve Segura with a copy of her motion, a copy of the April 14th order and a copy of the March 25, 2008 show cause order.[20] I instructed Carpenter to advise the court in writing and

---

[16]*See* docket entry # 27, p. 3.

[17]*See* SSA record, p. 16.

[18]Docket entry # 29.

[19]Docket entry # 30.

[20]Docket entry # 31.

provide proof of service. I also directed Segura to file a written reply to Carpenter's motion to withdraw and show cause order. I instructed Segura to (1) explain why she should not be required to pay the filing fee and the cost of service, (2) state her position about Carpenter's request to withdraw, and (3) state her intentions about pursuing her appeal of the denial of her application for widow's benefits. I warned Segura that I would recommend dismissal of this case if she did not respond to my order.

Since that time, Carpenter responded to my order about her motion to withdraw and explained her efforts to contact Segura.[21] Carpenter provided copies of her correspondence to Segura, certified mail receipt # 7007 0220 000 6536 1254, and the United States Postal Service track-and-confirm search results for receipt # 7007 0220 000 6536 1254. Carpenter's correspondence advised Segura about my show cause order, the necessity of paying the filing fee, and the unlikelihood of prevailing in her appeal. The track-and-confirm search results indicates that the Postal Service unsuccessfully attempted to deliver Carpenter's letter, leaving notice that the letter could be redelivered or picked up from the Post Office. Carpenter's letters were addressed to the same residential address Segura used throughout her administrative proceeding and reflected on her application to proceed in forma pauperis.

The court cannot confirm that Segura received Carpenter's most recent correspondence[22] without verification of delivery, but Carpenter's efforts to communicate with Segura were reasonable. Because Carpenter's efforts were reasonable, Segura's failure to respond to Carpenter's correspondence and to my earlier show cause order are reasonably interpreted as a

---

[21]Docket entry # 32.

[22]See attachments to docket entry # 32.

5

failure to prosecute and a failure to pay the failing fee.  Consequently, it is appropriate to dismiss this case for either of these reasons.  Although these reasons are sufficient to dispose of this case, I reviewed the merits of Segura's challenge out of an abundance of caution.  My analysis of Segura's challenge follows.

## The Merits of Segura's Challenge

In reviewing a final decision of the Commissioner, the reviewing court is limited to determining whether substantial evidence in the record as a whole supports the decision and whether the ALJ applied proper legal standards in evaluating the evidence.[23]  In applying the substantial-evidence standard of review, the court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision."[24]  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[25]  If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[26]  The claimant bears the burden of proof in establishing her entitlement to widow's benefits.[27]

Segura maintains that the government pension offset doesn't apply to her because she

---

[23]*See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).

[24]*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[25]*Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990).

[26]*Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

[27]*See Deters v. Sec. of Health, Educ. & Welfare*, 789 F.2d 1181, 1185 (5th Cir. 1986).

worked for the John H. Charter School for one day, believing that doing so would make her eligible for widow's benefits.[28] She stated that she paid the school $700.00 and that the school told her that she would receive a W-2 form to prove up her eligibility for Social Security benefits.

"A government pension offset applies to the Social Security benefits of a . . . widow . . . who also receives a pension from a . . . state . . . agency for work the recipient did which was not covered by Social Security on the last day of such employment."[29]  "When the government pension offset [applies], a claimant's social security benefits [are] reduced each month, but not below zero, by an amount equal to two-thirds of the amount of any government pension that is payable to the claimant for the month."[30]  Prior to the Social Security Protection Act of 2004, an individual was exempt from the government pension offset if her last day of government employment was in a job covered by both Social Security and a government pension system. Ordinarily, state employers like school districts are exempt from Social Security[31] unless they enter into voluntary agreements with the SSA for Social Security coverage under section 218 of the Act.  In the past, some Texas school districts entered into agreements with the SSA and then hired Texas teachers as one-day workers in order to qualify the teachers for the last-day-of-employment exemption.[32]  In essence, a loophole existed that permitted Texas teachers to avoid

---

[28] Segura's motion for summary judgment is incomprehensible, but I discerned Segura's allegation of error from her testimony during the hearing before the ALJ.

[29] BARBARA SAMUELS, SOC. SEC. DISABILITY CLAIMS: PRAC. & PROC. § 10:12 (2d ed.).

[30] SOC. SEC. LAW & PRAC. § 26:39 (Thomson West), *available on* Westlaw.

[31] *See* 42 U.S.C. § 410(a)(7).

[32] *See* 42 U.S.C. § 418(a)(1).

the government pension offset by working for one day at a school covered by Social Security.[33] The new law requires that the last 60 months of a person's government employment before retirement be covered by Social Security and the pension system in order to avoid the government pension offset.[34]

    Segura applied for widow's benefits after the effective date of the new law.  The ALJ found that Segura worked for a school district that was not covered by Social Security and earned a monthly pension of $4,722.08.[35]  Segura testified that she worked for the Texas public school system for 36 or 37 years and then worked for one day at the John Wood Charter School for one day.[36]  Segura stated that she paid the school $700.00 because she understood that doing so would make her eligible to receive her husband's Social Security.  She explained that she later received a letter from the charter school stating that there had been a mistake and that the teachers who worked at the charter school would not receive Social Security.[37]  Although Segura understood how the new law applied, she explained that her late husband was an attorney and she knew the importance of an appeal.[38]  Segura presented no evidence showing that the charter school was covered by Social Security.  Instead, the evidence she presented indicates that the

---

[33]*See* Audit Report, *Gov't Pension Offset Exemption for Tex. Sch. Districts' Employees*, Office of the Inspector Gen., SSA, January 2007.

[34]*See* 42 U.S.C. § 402(k)(5)(A).

[35]SSA record,, p. 16.

[36]*Id*. at p. 173.

[37]*Id*. at p. 174.

[38]*Id*. at p. 177.

charter school is not covered by Social Security.[39]  In the absence of evidence showing the charter school is covered by Social Security, substantial evidence supports the ALJ's decision that the government pension offset applies and that Segura's widow's benefit is properly reduced.

### Recommendations

Because Segura failed to respond to Carpenter's correspondence and to my earlier show cause order, this case should be dismissed for failing to prosecute and failing to pay the filing fee. If the district court dismisses this case, it can deny the pending motions (docket entry #s 19 & 30) as moot.  If the district court does not dismiss this case, I recommend affirming the Commissioner's decision because substantial evidence supports the ALJ's decision.  If the district court affirms the Commissioner's decision, it should deny Segura's motion for summary judgment (docket entry # 19) and deny Carpenter's motion to withdraw the complaint (docket entry # 30) as moot.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[40]  **Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.**

---

[39]*See id.* at pp. 7-11, 21-23 & 41-51.

[40]28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[41]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[42]

    **SIGNED** on May 12, 2008.

 

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[41] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[42] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).